# United States District Court
# Central District of California

| | |
|---|---|
| INNOVA SOLUTIONS, INC, <br><br> Plaintiff, <br><br> v. <br><br> KATHY A. BARAN, Director of California Service Center, U.S. Citizenship and Immigration, <br><br> Defendant. | Case № 2:18-CV-07901-ODW (PLAx) <br><br> **ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA [11]** |

## I.  INTRODUCTION & PROCEDURAL BACKGROUND

Presently before the Court is Defendant's unopposed Motion to Transfer Venue to the Northern District of California ("Motion"). (Mot., ECF No. 11.) For the reasons that follow, Defendant's Motion is **GRANTED**.[1]

On September 11, 2018, Plaintiff initiated the instant suit challenging Defendant's denial of Form I-129 petitions filed on behalf of Pratima Lingampalli and Aruna Sankar Battepati. (*See generally* Compl., ECF No. 1.) Plaintiff filed petitions seeking to classify Ms. Lingampalli and Mr. Battepati as H-1B nonimmigrant workers

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

pursuant to 8 U.S.C. § 1101(a)(15)(H). (*Id.* at 2.) Ms. Lingampalli's petition was filed as an extension, as Defendant previously determined she was eligible for H-1B nonimmigrant status. However, Defendant denied her petition because her employment "no longer constituted a specialty occupation within the meaning of 8 U.S.C. § 1101(a)(15)(H) and 8 C.F.R. § 214.2(h)(4)." (*Id.* at 2.) Mr. Battepati, by contrast, saw his petition denied because the Defendant concluded that Plaintiff failed to document a valid employer-employee relationship. (*Id.*) Plaintiff seeks relief under the Administrative Procedure Act, maintaining that the Defendant's denials are arbitrary, capricious, amount to an abuse of discretion, and are otherwise not in accord with 5 U.S.C. § 706(2). (*Id.*)

Plaintiff is a legal entity incorporated under the laws of Delaware with its principal place of business in Santa Clara, California, which is within the jurisdiction of the Northern District of California. (*Id.* at 3.) Defendant is the Director of the California Service Center, the federal agency within the Department of Homeland Security, U.S. Citizenship and Immigration Service, that is required under law to supervise, implement, and interpret the Immigration and Nationalization Act ("INA"). Plaintiff premises jurisdiction on 28 U.S.C. § 1331, in that the action arises under the Constitution and laws of the United States. (*Id.*) Specifically, under the INA, 8 U.S.C §§ 1151–1537, and 5 U.S.C. §§ 702, 705 of the Administrative Procedures Act. (*Id.*) Plaintiff places venue within this district because the adjudications took place here. (*Id.* 3–4.)

## II. PLAINTIFFS' FAILURE TO OPPOSE THE MOTION

Local Rule 7-12 allows the Court to grant motions as unopposed in the event that a timely opposition is not filed. C.D. Cal. L.R. 7-12; *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal on the basis of unopposed motion to dismiss, where local rule permitted such a dismissal). In determining whether to grant an unopposed motion to dismiss—a far more substantive motion than the one at issue here—courts weigh the following factors: "(1) the public's interest in expeditious

resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Here, Plaintiff did not oppose the Motion, despite being served with it. This alone "may be deemed consent to the granting . . . of the motion." C.D. L.R. 7-12. Further, the Court sees no prejudice to the non-moving defendants, and this case will still be decided on the merits. *See Ghazali*, 46 F.3d at 53. The Court construes Plaintiff's failure to respond to the Motion as consent to the granting of it. *Id.* However, for the sake of completeness, the Court will also analyze whether venue is appropriate in the Northern District of California.

### III. TRANSFER OF VENUE

28 U.S.C. § 1391(e)(1) provides that when a defendant is an officer or employee of the United States, an action may, except as otherwise provided by law, "be brought in any judicial district where (A) a defendant in the action resides; (B) a substantial part of the events or omissions giving rise to the claim occurred . . .; or (C) the plaintiff resides if no real property is involved in the action."

Here, venue is proper under subsection (B) because the H-1B request was adjudicated in the Central District of California. Venue is also proper in the Northern District of California under subsection (C) because the Plaintiff, as a corporation, resides where its principal place of business is located—in the Northern District of California, and no real property is involved in this action. *See* 28 U.S.C. § 1391(c)(2) (stating that a plaintiff shall be deemed to reside "only in the judicial district in which it maintains its principal place of business").

28 U.S.C. § 1404(a) allows a district court to transfer a civil action "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought or to any district or division to which all

parties have consented." The Ninth Circuit has found the following factors relevant in determining whether a transfer is appropriate:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).

The following *GNC* factors weigh in favor of transferring this action to the Northern District of California:

- Location of Agreements: this action stems from the denial of H-1B nonimmigrant status, and thus there is no agreement to evaluate;
- Governing Law: this action is governed by federal law, and the Northern District and Central District of California are both equally qualified to decide this action;
- Plaintiff's Choice of Forum: Plaintiff failed to oppose this Motion, and thus are deemed to have consented to the transfer, despite filing the action in the Central District; C.D. Cal. L.R. 7-12;
- Respective Contacts: As set forth above, Plaintiffs reside in Santa Clara, California, within the Northern District (Compl. ¶ 3;)
- Costs, Witnesses, & Proof: Trying the case in the Northern District will decrease costs due to the existence of similar ongoing litigation, which will have an impact on the pendant case. *See, e.g., Innova Solutions, Inc. v. Baran*, No. 17-cv-03674, 2018 WL 4913632 (N.D. Cal. Oct. 10, 2018) (granting summary judgment to USCIS concerning Innova's Form I-129 petition for an intended H-1B visa beneficiary to be a "technical recruiter[.]") Moreover, the Northern District can more readily compel attendance of unwilling witnesses

given that the witnesses are located within 100 miles of the Northern District's location. Fed. R. Civ. P. 45(c)(1)(A).

On balance and considering Plaintiff's failure to oppose the Motion, venue is proper in the Northern District, and transfer is both more convenient for the parties and in the interest of justice.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion (ECF No. 11) is **GRANTED**, and the Clerk of Court is hereby **ORDERED** to transfer this case to the District Court for the Northern District of California.

**IT IS SO ORDERED.**

April 9, 2019

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**